# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY BROOKS,

    Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS, et. al.,

    Defendants

Case No.: 3:19-cv-00623-MMD-WGC

**Order**

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), housed at Ely State Prison (ESP), and filed a document titled "Notice of Intent Civil Rights Complaint 42 U.S.C. § 1983" as well as a request for an injunction. (ECF Nos. 1-1, 1-2.) Plaintiff did not file a completed in forma pauperis (IFP) application for a prisoner, or pay the filing fee.

    The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

    When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial

payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court screens the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court has undertaken a preliminary review of Plaintiff's complaint and finds it is likely that Plaintiff's civil rights complaint under section 1983 would be dismissed because he only names NDOC as a defendant. NDOC is an arm of the state and is not a person that can be sued under section 1983. *See Savage v. Glendale Union High School*, 343 F.3d 1036, 1040 (9th Cir. 2003); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

///

///

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application or pay the full $400 filing fee, and to file an amended complaint.

If Plaintiff fails to timely file a completed IFP application or pay the filing fee and file an amended complaint, this action will be dismissed.

**IT IS SO ORDERED**.

Dated: October 11, 2019.

William G. Cobb
United States Magistrate Judge