# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BROOKS, | Case No.: 3:19-cv-00623-MMD-WGC |
| Plaintiff | **Report & Recommendation of U.S. Magistrate Judge** |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, et. al., | |
| Defendants | |

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), housed at Ely State Prison (ESP). On October 10, 2019, he filed a document titled "Notice of Intent Civil Rights Complaint 42 U.S.C. § 1983" as well as a request for an injunction. (ECF Nos. 1-1, 1-2.) Plaintiff did not file a completed in forma pauperis (IFP) application for a prisoner, or pay the filing fee.

On October 11, 2019, the court issued an order advising Plaintiff he must submit a completed IFP application along with the required financial certificate, or pay the $400 filing fee ($350 filing fee and $50 administrative fee). The court also advised Plaintiff that once he filed his completed IFP application and financial certificate or paid the fee, the court would screen his action under 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both, which require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Plaintiff was cautioned that if the complaint is dismissed on screening, there will be

no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court advised Plaintiff that it had undertaken a preliminary review of his complaint and found it likely it would be dismissed because he only named NDOC as a defendant, and NDOC is an arm of the state that cannot be sued under section 1983.

The court ordered the Clerk to send Plaintiff a copy of the instructions and application to proceed IFP for an inmate, and gave Plaintiff 30 days to either file his completed IFP application or pay the full $400 filing fee, *and* to file an amended complaint. He was advised that a failure to timely file a completed IFP application or pay the filing fee and file an amended complaint would result in dismissal of his action. (ECF No. 3.)

On November 12, 2019, Plaintiff filed a document stating that NDOC had not yet provided him with his financial certificate so he could comply with the court's order, and requested a 30-day extension to comply. (ECF No. 4.) On the same date, he also filed a request to amend his petition, seeking to amend to include in place of NDOC, the Director of NDOC, ESP Warden Gittere, and ESP Mail Room Supervisor. He stated that a formal complaint would be issued upon the court's receipt of the required financial certificate. (ECF No. 5.) Under Local Rule 15-1, Plaintiff must attach a proposed amended pleading to the motion for leave to amend. It must be complete in and of itself, without reference to the superseded pleading. LR 15-1(a). Plaintiff did not include the proposed amended complaint, but instead stated it would be forthcoming at a later time.

On November 13, 2019, the court issued an order giving Plaintiff until December 13, 2019, to file his financial certificate and IFP application. (ECF No. 6.) On November 25, 2019, Plaintiff filed his financial certificate; however, it was not accompanied by the completed IFP

application for a prisoner. (ECF No. 7.) That same day, he also filed a request for a subpoena to produce security videos from September 27, 2019, November 17, 2019, and November 18, 2019. (ECF No. 8.)

On December 2, 2019, the court directed the Clerk to send Plaintiff a copy of the IFP application for prisoners. The court denied his motion to amend and request for a subpoena without prejudice. The court gave Plaintiff until December 31, 2019, to file his completed IFP application *and* his amended complaint. Plaintiff was cautioned that there would be no further extensions and that if he failed to complete these tasks, his action would be dismissed without prejudice and this case would be administratively closed. (ECF No. 9.)

On December 12, 2019, Plaintiff filed an application to proceed IFP, but as of the date of this Order he has not filed his amended complaint. Therefore, this action should be dismissed without prejudice and the case should be administratively closed.

## **RECOMMENDATION**

This action should be **DISMISSED WITHOUT PREJUDICE** and the case administratively closed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 17, 2020.

William G. Cobb
United States Magistrate Judge

4